UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT LEWANDOWSKI, on behalf
of minor children K.L., A.L., and M.L.,

       Plaintiffs,                                      Case Number 21-12316

v.                                                     Honorable David M. Lawson

SOUTHGATE COMMUNITY SCHOOLS
BOARD OF EDUCATION, SHARON
IRVINE, TIMOTHY O. ESTHEIMER,
ANDREW GREEN, DARLENE L.
POMPONIO, RICK LAMOS, JASON
CRAIG, NEIL J. FREITAS, and SHAWN
SAGE,

       Defendants.
_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND STRIKING IMPROPER FILING

On September 30, 2021, plaintiff Vincent Lewandowski filed his *pro se* complaint alleging that a "mask mandate" adopted by the Southgate Community Schools Board of Education and its officials violated substantive and procedural rights of Lewandowski's several minor children, which are guaranteed by the Due Process Clause of the Fourteenth Amendment and analogous provisions in the constitution of the State of Michigan. Lewandowski contemporaneously filed an *ex parte* motion for issuance of a temporary restraining order (TRO) prohibiting the School Board from enforcing its mask wearing policy.

The Court has reviewed the complaint and its attachments and the plaintiff's motion and finds that the motion for a TRO must be denied because the plaintiff has not advanced any sound justification for issuing a restraining order without notice. Rule 65 of the Federal Rules of Civil Procedure authorizes the issuance of preliminary injunctions and temporary restraining orders. The Court may issue a temporary restraining order, sometimes without advance notice to

defendants, to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *See First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). But the Court may enter a temporary restraining order without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). The Court considers the same factors in determining whether to issue a TRO or preliminary injunction, which are: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent [an injunction], (3) whether granting the [injunction] would cause substantial harm to others, and (4) whether the public interest would be served by granting" injunctive relief. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quotation marks omitted). "Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; [and] state why the order was issued without notice." Fed. R. Civ. P. 65(b)(2).

The plaintiff's motion does not allege that notice was given to the defendants. The Court finds that the circumstances described in the motion and the pleadings also do not suggest that notice would precipitate the harm alleged, because the pleadings state that the mask wearing policy which is challenged was promulgated (and evidently has been enforced) since some time in late August 2021. The Court may not enter a temporary restraining order without notice to an adverse

party unless facts attested to in an affidavit or verified complaint "clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). From the information so far presented, it is apparent to the Court that the alleged harm produced by enforcement of the ordnance in question will not be triggered by the delivery of notice to the adverse parties, because the infliction of the alleged harm by the defendants' enforcement efforts either already is completed, or at least is underway. The Court therefore will deny the motion for a TRO, but the denial will be without prejudice to the prospective filing of a motion for preliminary injunction, if the plaintiff wants to pursue that relief after service of process is completed.

The plaintiff also incorporated a proposed order in the motion, which, presumably, he wanted the Court to sign and enter. The inclusion of the proposed order was improper because such orders never should be filed by a party on the electronic docket. E.D. Mich. LR 7.1 cmt. (citing Elec. Filing Pols. & Procs. R 11(a)). Proposed orders should be submitted to the Court through the CM/ECF Utilities function. Because the proposed order was incorporated with the motion as part of a single filing, without a separate document identifier, the motion must be stricken entirely.

Accordingly, it is **ORDERED** that the plaintiff's motion for a temporary restraining order (ECF No. 2) is **DENIED**, but the denial is without prejudice to the filing of an adequately grounded motion for preliminary injunction after service of process is complete.

It is further **ORDERED** that the plaintiff's motion for a temporary restraining order (ECF No. 2) is **STRICKEN**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: October 1, 2021